14-1862-cr
United States v. Stevenson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand sixteen.

PRESENT:  REENA RAGGI,
          RICHARD C. WESLEY,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

              v.                                        No. 14-1862-cr

ERIC STEVENSON,
                    *Defendant-Appellant*,

IGOR BELYANSKY, ROSTISLAV BELYANSKY, AKA Slava, IGOR TSIMERMAN, DAVID BINMAN, SIGFREDO GONZALEZ,
                    *Defendants.*[*]

----------------------------------------------------------------------
APPEARING FOR APPELLANT:     RANDA D. MAHER, ESQ., Great Neck, New York.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

APPEARING FOR APPELLEE: PAUL M. KRIEGER, Assistant United States Attorney (Brian A. Jacobs, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on May 23, 2014, is AFFIRMED.

Defendant Eric Stevenson, a former New York State Assemblyman representing a Bronx district, stands convicted after a jury trial of (1) conspiracy to commit honest services wire fraud, see 18 U.S.C. § 1349; (2) conspiracy to commit federal programs bribery and to violate the Travel Act, see id. § 371; (3) accepting bribes, see id. § 666(a)(1)(B); and (4) extortion under color of official right, see id. § 1951. On this appeal, Stevenson contends that (1) the denial of a trial adjournment deprived him of effective counsel, (2) an adverse evidentiary ruling violated the Confrontation Clause, (3) the evidence was insufficient to prove guilt, (4) his trial counsel was ineffective in failing to raise an entrapment defense, (5) the district court lacked authority to order the forfeiture of $22,000 and committed error by ordering him to forfeit his pension funds, and (6) various procedural errors render his below-Guidelines 36-month sentence unreasonable. We address the last two points in an opinion simultaneously issued with

2

this order. In here addressing all other points, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Denial of Adjournment

Stevenson argues that the district court abused its discretion when, four days before trial, it denied a two-week adjournment to an attorney who, 22 days earlier, had been allowed to substitute for defendant's court-appointed counsel on the express representation that he would be ready for trial on the scheduled date. See United States v. Stringer, 730 F.3d 120, 127 (2d Cir. 2013) (reiterating rule that denial of trial adjournment is reviewed only for abuse of discretion, which will not be identified absent showing of arbitrariness substantially impairing defense).

The argument fails because it was not arbitrary for the district court to conclude that 26 days was a sufficient time for counsel to prepare. See United States v. Cronic, 466 U.S. 648, 661−66 (1984) (recognizing 25 days as sufficient for attorney to prepare for defense of complex fraud case); United States v. Burgos, 579 F.2d 747, 750 (2d Cir. 1978) (affirming denial of continuance where new defense counsel retained two weeks prior to trial); see also United States v. Martin, 740 F.2d 1352, 1360−61 (6th Cir. 1984) (affirming denial of continuance where defendant retained counsel 10 days prior to trial, despite complexity of case). In the absence of an arbitrary denial of a continuance, we need not here consider Stevenson's claim of prejudice in the form of ineffective assistance of

3

counsel. See United States v. Miller, 626 F.3d 682, 690 (2d Cir. 2010) (requiring defendant to show both arbitrariness and prejudice to secure reversal for denial of continuance). As explained infra at 7−9, Stevenson must pursue any ineffective assistance claim under 28 U.S.C. § 2255.

United States v. Tramunti, 513 F.2d 1087 (2d Cir. 1975), cited by Stevenson, warrants no different conclusion. There, a continuance was denied when defense counsel died unexpectedly in the middle of trial. See id. at 1116–17. That is not analogous to this case, where counsel had 26 days to prepare for trial.

Accordingly, we identify no abuse of discretion warranting vacatur.

2.    Limit on Cross-Examination

Stevenson complains of his inability to cross-examine Sigfredo Gonzalez about his use of a racial epithet in a recorded conversation. "We review evidentiary rulings, including a trial court's decision to limit the scope of cross-examination, for abuse of discretion." United States v. White, 692 F.3d 235, 244 (2d Cir. 2012). Although the Sixth Amendment guarantees a defendant the right to cross-examine the witnesses against him, "a judge may 'impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" United States v. Vitale, 459 F.3d 190, 195 (2d Cir. 2006) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) (recognizing court's discretion to limit defense inquiry into "potential bias of a

4

prosecution witness")).

We identify no abuse of discretion here because the district court's determination that the epithet was not used in an obviously derogatory manner and, thus, that the recordings were more confusing than probative, fell well within its discretion. See United States v. Rahman, 189 F.3d 88, 132 (2d Cir. 1999) (affirming limitation on cross-examination of government witness as to racial bias given "weak foundation" for bias claim and "even weaker basis" to question credibility on this account); cf. Brinson v. Walker, 547 F.3d 387, 394 (2d Cir. 2008) (drawing distinction between mere use of derogatory word and statements of such intense bias as to give rise to reasonable inference that witness would fabricate testimony against object of bias). Although Stevenson further contends that the district court totally precluded him from otherwise cross-examining Gonzalez on racial bias, the record does not support the argument. The district court stated only that it would not allow defense counsel "to summarize portions of transcripts that have been excluded," J.A. 471−72, and nothing in the record suggests that the district court would have precluded more general questions about potential racial bias. Moreover, the prosecution acknowledged that "[t]here is a proper way and an improper way" for Stevenson's counsel to cross-examine on racial bias, and asked only that Stevenson be foreclosed from doing "it in a way that results in unfair prejudice to the government." Id. at 471. Stevenson points to no proposed cross-examination that did not rely on the excluded recordings or their transcripts that was foreclosed.

5

Accordingly, we conclude that his evidentiary challenge is without merit.

3.    Sufficiency of the Evidence

In challenging the sufficiency of the evidence supporting conviction, Stevenson bears a heavy burden because, although our standard of review is de novo, we must view the evidence in the light most favorable to the government, "drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." United States v. Pierce, 785 F.3d 832, 837−38 (2d Cir. 2015) (internal quotation marks omitted).  Under this "exceedingly deferential" standard, United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008), Stevenson can prevail only by showing that no rational trier of fact could have found the essential elements of the charged crime proved beyond a reasonable doubt, see Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Pierce, 785 F.3d at 838.

Stevenson contends that the evidence failed to establish that he agreed to take or took (1) a bribe from Gonzalez or any codefendant or (2) official actions in exchange for such payments.  The argument fails because, as Stevenson acknowledges, Gonzalez testified to Stevenson's acceptance of corrupt payments, and well-established law allows a conviction to rest on "the uncorroborated testimony of even a single . . . witness if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt."  United States v. Florez, 447 F.3d 145, 155 (2d Cir. 2006) (internal quotation marks omitted).  Here, Gonzalez's testimony, far from being incredible on its

6

face, was strongly corroborated not only by law-enforcement witnesses who supervised Gonzalez's interactions with Stevenson, but also by audio and video recordings on which Stevenson incriminated himself. Moreover, independent documentary evidence confirmed codefendant Rostislav Belyansky's $2,000 contribution to Stevenson's campaign, which Stevenson failed to disclose on mandatory campaign filings. We need not here detail further evidence to conclude that a rational jury could find that Stevenson accepted corrupt payments.

The evidence was also sufficient to support a rational jury finding both that Stevenson took official action and that he did so in exchange for these payments. Specifically, Stevenson proposed moratorium legislation to the New York State Assembly as instructed by and to benefit codefendants. Thus, Stevenson's sufficiency challenge fails on the merits.[1]

4.    Ineffective Assistance of Counsel

Stevenson argues that counsel was ineffective in failing to raise an entrapment

---

[1] McDonnell v. United States, 136 S. Ct. 2355 (2016), raised by Stevenson pursuant to Fed. R. App. P. 28(j), warrants no different conclusion. No reasonable jury could fail to find that the action here at issue—proposing legislation—was an "official act" as clarified by McDonnell. Proposed legislation is necessarily a matter brought before a public official, see id. at 2369, indeed, before the group of officials empowered to enact such a matter into law. Further, a legislator who proposes legislation undoubtedly takes an action on the matter, see id. at 2370; he takes the essential action, without which enactment of the matter into law cannot occur. Accordingly, Stevenson's jury-instruction challenge cannot survive plain error review. See United States v. Nouri, 711 F.3d 129, 138–40 (2d Cir. 2013) (concluding that defendant could not satisfy plain-error standard because there was no likelihood of different result had jury been properly instructed).

7

defense. The preferred means for addressing ineffective assistance claims, particularly where further record development is necessary, is a motion pursuant to 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Kimber, 777 F.3d 553, 562 (2d Cir. 2015) (stating that ineffective assistance claims will be decided on direct appeal only if "their resolution is beyond any doubt or to do so would be in the interest of justice" (internal quotation marks omitted)).

Here, the district court at sentencing explained that, even assuming that the government cooperator initiated the bribe scheme, the evidence of Stevenson's predisposition was compelling. See J.A. 1363−64 (quoting Stevenson's statement asking if bribing parties were "putting together a nice little package for me," and another statement that co-sponsor of legislation also had "to get a cha-ching [i.e., payment], ya know"). In the face of this record, it would appear difficult for Stevenson to show that it was objectively unreasonable for counsel not to pursue an entrapment defense, see Strickland v. Washington, 466 U.S. 668, 687−89 (1984) (recognizing that counsel's performance is objectively unreasonable only if it falls outside "the wide range of reasonable professional assistance" and cannot be considered "sound trial strategy" (internal quotation marks omitted)), or that Stevenson was prejudiced by the decision, see id. at 692−94 (explaining that prejudice requires showing of "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Nevertheless, because the record is not fully developed as to counsel's

8

rationale for foregoing this defense, we do not conclusively resolve the question now, but leave Stevenson to decide if he wishes to pursue it on a § 2255 motion.

5.      Conclusion

We have considered Stevenson's remaining arguments and conclude that they are without merit.   Thus, for the reasons stated in the court's published opinion today, as well as in this order, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court